## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DAVID ADRIAN                                                    CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS FOR                      NO.: 15-00091-BAJ-EWD
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE

### RULING AND ORDER

Before the Court is a **Motion for Judgment on the Pleadings (Doc. 8)**, filed by Defendant Board of Supervisors for Louisiana State University and Agricultural and Mechanical College ("Defendant"), seeking to dismiss Plaintiff David Adrian's ("Plaintiff") Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Also before the Court is Plaintiff's **Motion to Extend Pleadings Deadline (Doc. 17)**. Oppositions were filed to the Motion for Judgment on the Pleadings and the Motion to Extend Pleadings Deadline. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Oral argument is not necessary.

## I.      BACKGROUND

Plaintiff is a former student of Louisiana State University ("LSU"). He began at LSU in the summer of 2010 and was expelled from the university in the spring of 2014. (Doc. 1-1 at pp. 1, 4). During his time attending LSU, Plaintiff alleges that he was subjected to racial profiling, unlawful stops, unlawful detainments, harassment, and racial discrimination, which were allegedly perpetrated by the LSU Police

JURY
19th JDC - certified

Department, administration, and faculty. (*Id*. at 1). Plaintiff's Complaint delineates over ten specific incidents in which he alleges his constitutional rights were violated, including his expulsion from LSU in 2014. (*Id*. at 2-3).

On January 23, 2015, Plaintiff initiated this action, solely against Defendant, pursuant to 42 U.S.C. § 1983. On May 15, 2015, the Court issued a Scheduling Order that set the following relevant deadlines: Amended Pleadings Deadline – September 15, 2015; Discovery Deadline – February 26, 2016; and Trial – February 6, 2017. (Doc. 6).

On November 30, 2015, Defendant filed the subject Motion for Judgment on the Pleadings, seeking to dismiss Plaintiff's claims on the grounds that it is not a "person" under § 1983. (Doc. 8). Shortly thereafter, Plaintiff sought leave of court to file his First Amended and Supplemental Complaint, which sought to add five new defendants from the LSU Police Department. (Doc. 12). The Court denied Plaintiff leave to amend due to the fact that Plaintiff's motion was "well beyond the date set in the Scheduling Order for filing motions for leave to amend" and because the proposed amendment was "so deficient that it would not survive a motion to dismiss under Rule 12(b)(6)." (Doc. 16).

Three days after the Court denied Plaintiff's Motion for Leave to Amend, Plaintiff filed the present Motion to Extend Pleadings Deadline. (Doc. 17).   Plaintiff now seeks to extend the Amended Pleadings Deadline from September 15, 2015, to March 15, 2016. (Doc. 17 at p. 3).   Plaintiff contends that he is actively seeking to

discover the names of prospective defendants and that he wishes to extend the Amended Pleadings Deadline beyond the Discovery Deadline to effectuate that objective. (*Id.*). In response to Defendant's opposition, Plaintiff also requests leave to file a reply, which the Court finds appropriate to grant.

## II.   MOTION TO EXTEND PLEADINGS DEADLINE

When a party seeks to extend an amended pleadings deadline, Rule 16(b) requires the party to demonstrate good cause for the modification to the scheduling order. *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). In determining whether a party has provided good cause under Rule 16(b), courts may examine four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters., L.L.C.*, 315 F.3d at 535). Additionally, "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C.*, 315 F.3d at 535 (internal quotations and citations omitted).

In this case, the Court finds that Plaintiff has failed to demonstrate good cause for modifying the Scheduling Order. Plaintiff's only explanation for his failure to timely move for leave to amend is that the amendment deadline preceded the discovery deadline and Plaintiff needed time to receive Defendant's complete

discovery responses. Plaintiff's explanation is not persuasive because from the date the Scheduling Order was entered on May 15, 2015, to the Amended Pleadings Deadline on September 15, 2015, the parties had four months to conduct meaningful discovery.

Additionally, Plaintiff contends that he propounded his first set of discovery on May 5, 2015, which gave him ample time to receive responses, or if necessary, file a motion to compel. In fact, according to a letter from Defendant's counsel to Plaintiff's counsel, Defendant produced responses to Plaintiff's first set of discovery on or about July 10, 2015. (Doc. 15-1). Presumably, it was from this production that Plaintiff learned of the five new defendants he sought leave of court to add on December 8, 2015.[1] The Amended Pleadings Deadline, therefore, gave Plaintiff sufficient time to timely amend his complaint upon receiving Defendant's responses on July 10, 2015. The fact Plaintiff only sought leave to amend after Defendant filed a Motion for Judgment on the Pleadings, implies that Plaintiff's three-month delay was not attributable to pretrial deadlines.

Moreover, extending the Amended Pleadings Deadline beyond the Discovery Deadline would prejudice prospective defendants and require a continuance of all pending deadlines. The Amended Pleadings Deadline preceded the Discovery Deadline to allow newly added parties, *inter alia*, a fair opportunity to conduct

---

[1] Plaintiff states in his reply that Defendant produced responses to his second set of discovery on January 5, 2016, (Doc. 22-3 at p. 3), which was one month after he sought leave of court to amend his complaint on December 8, 2015. Plaintiff, nor Defendant, indicate that Defendant has made more than the two productions of discovery responses.

necessary discovery before proceeding to trial. Plaintiff's proposed extension deprives the prospective defendants of a reasonable discovery period and necessitates a continuance of all pretrial deadlines and the trial date to cure the prejudice. Based on the foregoing, the Court finds that good cause has not been demonstrated and Plaintiff's **Motion to Extend Pleadings Deadline (Doc. 17)** is **DENIED**.

## III.   MOTION FOR JUDGMENT ON THE PLEADINGS

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Courts, however, will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting, *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). A court may grant a motion for judgment on the pleadings only if "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Intern. Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

Defendant seeks a judgment on the pleadings on the grounds that it is not a person under § 1983, but a state agency that is an arm of the State.  Section 1983 only provides a cause of action against any "person," acting under color of state law, who deprives another person of any rights, privileges, or immunities secured by the Constitution and the laws of the United States. 42 U.S.C. § 1983. States and state agencies are not deemed to be a "person" for purposes of § 1983 claims. *Hyatt v. Sewell*, 197 F. App'x 370 (5th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Section 1983 claims against states and state agencies are proscribed due to the Eleventh Amendment, which renders states immune from suit in federal court. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

Defendant, the Board of Supervisors for Louisiana State University and Agricultural and Mechanical College, is a state agency that is immune from suit in federal court. *Esfeller v. O'Keefe*, No. CIV.A. 08-63-JVP-CN, 2008 WL 2234056, at *5 (M.D. La. May 30, 2008) (citing *Laxey v. Louisiana Board of Trustees*, 22 F.3d 621 (5th Cir. 1994)). Defendant is not a person under § 1983, and consequently, Plaintiff fails to state a plausible claim for relief.

## IV.   CONCLUSION

Accordingly,

**IT IS FURTHER ORDERED** that **Plaintiff's Motion to Extend Pleadings Deadline (Doc. 17)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Judgment on the Pleadings (Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff David Adrian's § 1983 claim, against Defendant Board of Supervisors for Louisiana State University and Agricultural and Mechanical College, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, for all further proceedings on the pending state law claims.

Baton Rouge, Louisiana, this 15th day of March, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

7